**Robert E. KEAY, Plaintiff, Appellant,**

**v.**

**EASTERN AIR LINES, INC., Defendant, Appellee.**

**No. 71–1021.**

United States Court of Appeals, First Circuit.

April 16, 1971.

Joel Z. Eigerman, Boston, Mass., with whom Morris M. Goldings, and Mahoney, McGrath, Atwood & Goldings, Boston, Mass., were on brief, for appellant.

James C. Heigham, Boston, Mass., with whom Choate, Hall & Stewart, Boston, Mass., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is an action to review an arbitration award as to the size of a pension made by the Pilots' System Board of Adjustment, concededly pursuant to procedure governed by the Railway Labor Act, 45 U.S.C. §§ 153 and 184. International Ass'n of Machinists v. Central Airlines, Inc., 1963, 372 U.S. 682, 685–686, 690, 83

S.Ct. 956, 10 L.Ed.2d 67. The parties have engaged in considerable sparring regarding the scope of permissible review. Clearly, it is very narrow. Gunther v. San Diego & A. E. Ry., 1965, 382 U.S. 257, 261, 86 S.Ct. 368, 15 L.Ed.2d 308 (Board's interpretation must be accepted unless "wholly baseless and completely without reason"); Diamond v. Terminal Ry. Alabama State Docks, 5 Cir., 1970, 421 F.2d 228.

The earlier that plaintiff appellant became permanently disabled, the smaller the size of his pension. Concededly he has been totally disabled from severe headaches since 1962, when he went on sick leave. The single question is whether he can complain because the Board found that his disability became permanent at the date his sick leave expired and he did not return to work, as distinguished from a much later date when he was permanently grounded after a medical determination that the cause of the headaches was irreversible.

■ Plaintiff attacks the Board's decision on a broad base. His contention that the Board should have made subsidiary findings and, possibly, rulings, in order to permit review, is predicated on the assumption that the award was but a step in a procedure under which he was entitled to a review as of course. Congress did not make the Board an inferior entity subject to the general supervision of the courts. Rather, as the Supreme Court has pointed out in Gunther, supra, 382 U.S. at 263, 86 S.Ct. 368, the Board is in the role of arbitrator, and there is no duty imposed upon arbitrators to make subsidiary findings. Atkinson v. Sinclair Refining Co., 1962, 370 U.S. 238, 244 n. 4, 82 S.Ct. 1318, 8 L.Ed.2d 462. Plaintiff's alternative contention that the Board's ultimate finding was "baseless" because he cannot tell the manner in which it was reached is equally unfounded. His burden is to show that it could not have been properly reached in any manner.

The Board might have thought that a date of permanency not definitely identifiable, as was the case here, should, as a matter of shop practice, be assigned to the expiration of paid sick leave. Or, it might have resolved the factual dispute by ascribing some significance to plaintiff's not coming back to work when it cost him his pay not to do so. Perhaps neither of these, nor any other solution, would have been highly logical. This, however, was inherent in the amorphous nature of the question. All that plaintiff can really say is that some other decision might have been a little more rational. Even were we persuaded that this were so, that would not be enough.

Affirmed.