**VIRGIN ISLANDS NURSING ASSOCIA-
TION'S BARGAINING UNIT,
Appellant,**

v.

**Dr. Roy L. SCHNEIDER, Commissioner
of Health, and Department of Health.**

No. 81–1748.

United States Court of Appeals,
Third Circuit.

Argued Dec. 7, 1981.
Decided Dec. 30, 1981.

Alexander A. Farrelly (argued), Birch, De Jongh & Farrelly, Charlotte Amalie, St. Thomas, V. I., for appellant.

Richard R. Knoepfel (argued), Asst. Atty. Gen., Dept. of Law, Charlotte Amalie, St. Thomas, V. I., for appellees.

Before HUNTER and SLOVITER, Circuit Judges and VAN DUSEN, Senior Circuit Judge.

OPINION OF THE COURT

SLOVITER, Circuit Judge.

This is an appeal from summary judgment entered by the district court in favor of the appellees, Dr. Roy L. Schneider, Commissioner of Health, and the Virgin Islands Department of Health (hereafter

referred to jointly as Department of Health), in a suit brought by the Virgin Islands Nurses Association's Bargaining Unit (hereafter Nurses Association) seeking to vacate an arbitrator's award. The Nurses Association challenges the arbitrator's award primarily on the ground that it contained no opinion, no factual summary of the arguments advanced by both parties, no findings of fact and no reason or rationale. Both parties moved for summary judgment. The district court found that there was no genuine issue as to any material fact, ruled that the arbitrator was under no legal or contractual obligation to provide an explanatory opinion, and therefore granted the motion of the Department of Health for summary judgment. We will affirm.

The Nurses Association and the Department of Health are signatories to a collective bargaining agreement which provides, in Article XVI, that "The Employer shall post in each agency in a conspicuous place a list for all RN positions abailable [sic] in the Department of Health quarterly." App. 51. Contending that the Department of Health violated this provision by hiring an Assistant Director of Nursing without compliance with the posting requirement, the Nurses Association first grieved its claim unsuccessfully and then proceeded to arbitration. On January 9, 1980 the arbitrator made the following award on this claim:

> IT IS THE FINDING OF THE ARBITRATOR THAT the Commissioner of Health, Dr. Roy L. Schneider did not violate the terms of the contract when he hired an Assistant Director of Nursing which, additionally according to the testimonies received, is an unclassified position.

The Nurses Association requested clarification objecting, in part, to the absence of an opinion and when no further elucidation was forthcoming, it filed the instant lawsuit.

The Nurses Association makes an attractive argument in favor of the desirability of requiring arbitrators to write opinions. It argues that such opinions would establish a general body of precedent to guide management in administering the contract, to guide unions in deciding which cases to bring to arbitration, and to guide arbitrators in making further decisions.[1] It argues that a requirement of arbitral opinions will help to insure that an arbitrator will consider the opposing contentions and formulate a coherent resolution, and that the need to articulate reasons may influence the arbitrator to consider the matter carefully. Such a requirement would also meet the salutary purpose served by all written opinions, explanation to the losing party why it lost and evidence that its arguments were considered. In support, the Nurses Association cites Professor Getman's article which discusses the value of opinions by arbitrators in the same terms. *See* Getman, *Labor Arbitration and Dispute Resolution*, 88 Yale L.J. 916, 920–21 (1979).

The Department of Health agrees that there are distinct advantages to be served by requiring opinions of arbitrators but argues that we should not impose such a requirement in this case because the absence of a record would make it difficult for the arbitrator to reconstruct the basis of his decision. This concurrence between the parties on the desirability of arbitral opinions leads us to consider whether we should, as appellant requests, exercise our supervisory power to require an arbitrator either in this case or in future cases, "to provide a record of the reasons and grounds upon which his award is predicated and point out the evidence upon which the ultimate findings rest." Appellants' Brief at 14. We decline to do so for a number of reasons.

In the first place, in *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960), the Supreme Court stated, albeit in dictum, "[a]rbitrators have no obligation to the court to give their reasons for an award." That view was reiterated by this court in *NF&M Corp. v. United Steelworkers*, 524 F.2d 756, 759 (3d

---

1. As we recently noted, unless a collective bargaining agreement specifically so provides, neither an arbitrator nor a reviewing court need follow previous arbitral interpretations of the collective bargaining agreement. *Metropolitan Edison Company v. N. L. R. B.*, 663 F.2d 478 (3d Cir. 1981).

Cir. 1975). The basis for this position stems from the limited function played by the courts in reviewing arbitral awards. A court cannot set aside an arbitrator's award merely because it disagrees with the arbitrator on the merits, for such a policy would undermine the federal policy of encouraging the settling of labor disputes by arbitration. *Enterprise Wheel*, 363 U.S. at 596, 80 S.Ct. at 1360. It must only determine whether the arbitrator's decision "draws its essence from the collective bargaining Agreement." *Id.* at 597, 80 S.Ct. at 1361. As explained in *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581–82, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960), the arbitrator is bound to render a decision on the basis of the express terms of the collective bargaining agreement itself and the "industrial common law" or the "common law of the shop" —i.e. the practices of the industry and the shop which are impliedly part of the agreement. Thus, federal courts are limited to insuring that arbitration awards are based on the agreement and the law of the shop, and such awards must be upheld if they are not in "manifest disregard of the law" and can be rationally derived from the permissible sources of law. *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir. 1969). As described by Professor Gorman, this standard requires only "minimal rationality" of the arbitrator's decision. *See* R. Gorman, *Basic Text on Labor Law* 586 (1976).

■ The Nurses Association does claim in summary fashion that the arbitration award in this case is "totally unsupported by principles of contract construction and the law of the shop", but it does not attempt to support this claim on the merits. Although it is difficult for us to hypothesize as to the basis on which the arbitrator made his award because we do not know the contentions which were made by the parties

in the arbitration proceeding, the arbitrator's award itself suggests that he could have found the position of Assistant Director of Nursing was not a position which required posting. The Nurses Association does not contend that such a construction would be either arbitrary or capricious on the merits and relies solely on the absence of an opinion or findings of fact. However, the principal cases cited by the Nurses Association are cases in which the courts have held that ambiguous or incomplete awards must be remanded to the arbitrator. *See, e.g., Bell Aerospace Co. Division of Textron, Inc. v. Local 516, UAW*, 500 F.2d 921, 923–25 (2d Cir. 1974); *IAM v. Crown Cork & Seal Co.*, 300 F.2d 127 (3d Cir. 1962). *See generally* Gorman, *supra* at 598–99. Because the award in this case is not ambiguous or incomplete, and because we cannot conclude that it is not rationally derived from the collective bargaining agreement, we agree with the district court that summary judgment for the Department of Health was appropriate.

■ Returning then to the question whether we should exercise our supervisory power to enunciate a new requirement that arbitrators file written opinions or, at least, findings of fact,[2] we recognize that we have, in the context of reviewing decisions of administrative tribunals, discussed the necessity for articulation in decisionmaking. Thus, in *Cotter v. Harris*, 642 F.2d 700, 704–05 (3d Cir. 1981), we wrote, "There are cogent reasons why an administrative decision should be accompanied by a clear and satisfactory explication of the basis on which it rests. Chief among them is the need for the appellate court to perform its statutory function of judicial review. A statement of reasons or findings also helps to avoid judicial usurpation of administrative functions, assures more careful administrative consideration, and helps the parties plan their cases for judicial review. *See* K.

**2.** The only authority cited by the Nurses Association to support its proposal that we announce new law, *City of Cranston v. Hall*, 116 R.I. 183, 354 A.2d 415 (1976), is inapposite. Unlike the instant case in which the arbitrator interpreted a provision in the collective bargaining agreement, in *Cranston* the arbitration

board was requested to select a provision for inclusion in the collective bargaining agreement because the parties had reached an impasse. It was in that context that the court held that the board should set out the evidence upon which it based its decision.

Davis, 2 Administrative Law Treatise § 16.-05 (1958)."

A labor arbitration, however, differs significantly from an administrative proceeding. The latter is a formal quasi-judicial proceeding in which the parties and the decisionmaker must conform their conduct to procedure established by statute or regulation. It has been proposed that labor arbitrations would benefit by more formality, *see* Getman, 88 Yale L.J. at 918–22, but other commentators have suggested that the unique and continuing relationship between management and labor may at times be better served by maintaining the informality and flexibility that characterizes many arbitrations. *See* C. Updegraff, *Arbitration and Labor Relations* 276 (1970). That decision is one for the legislature or the parties. Unlike the Administrative Procedure Act which requires that the administrative law judge specify the reasons or basis for the decision, 5 U.S.C. § 557(c) (1976), the Virgin Islands statute governing Public Employee Labor Relations provides only that the arbitration panel "shall deliver its decisions in writing." Act No. 4440, June 2, 1980, 1980 V.I.Sess.Laws 76 (to be codified as 24 V.I.Code Ann. § 376). The Virgin Islands legislature could have framed a statute to provide that the arbitration panel must make "written findings of fact and promulgate a written opinion." *See* Police and Fire Department Compulsory Arbitration Act, Mich.Comp.Laws Ann. § 423.238 (1978) (recently interpreted to apply only to the resolution of collective bargaining impasses and potential employee strikes, *Local 1518, Council 55, AFSCME v. Meharg*, 407 Mich. 1, 281 N.W.2d 313 (1979)). The absence of such a provision in the Virgin Islands statute suggests that the Virgin Islands legislature has not determined that public policy would be best served by more formality in arbitral decisions.

Finally, the parties are free to negotiate for more formal arbitral decisionmaking in their collective bargaining contract if they desire. Some contracts contain a require-ment that the arbitrator must specify reasons for the decision or accompany the award with an opinion.[3] Counsel for the Nurses Association candidly advised the court that if we decline to require arbitral opinions as a matter of law, the issue can and will be raised in negotiations between the parties. Other parties in other relationships may be satisfied to continue the present practice of receiving only a final award without explanation. In light of the paramount principle of labor law that the relationship between employer and employees is best left to negotiation by the parties, *see United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. at 578, 80 S.Ct. at 1350, we believe that principle would be best served if we decline to impose a requirement of arbitral opinions as a matter of law. Accordingly, we will affirm the judgment of the district court.

---

**3.** *See* F. Elkouri & E. Elkouri, *How Arbitration Works*, 238 n.229 (1973) (citing U. S. Dept. of Labor Bull. No. 1425–6 (1966)) ("Frequently the collective agreement will require that awards be accompanied by an opinion").