**J'ADA M. FINCH-SHEEN, Attorney General, Department of Law, GOVERNMENT OF THE VIRGIN ISLANDS, Petitioner**

v.

**UNITED INDUSTRIAL WORKERS OF NORTH AMERICA OF THE SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, ATLANTIC GULF LAKES & IN-LAND WATERS DISTRICT, AFL–CIO, Respondent**

Civil No. 81-101

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 28, 1983

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for petitioner*

ARNOLD M. SELKE, ESQ., St. Thomas, V.I., *for respondent*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on motion of respondent United Industrial Workers of North America (the Union) for summary judgment. Fed. R. Civ. P. 56. Because there is no genuine issue as to any material fact, the case is ripe for disposition at this time. Submitted for consideration by the parties are various affidavits, memoranda of law and other documents.

## BACKGROUND

In 1977, Daniel Isaacson was working as an assistant attorney general in the Virgin Islands Department of Law. Effective November 21 of that year Isaacson was made "chief assistant attorney general" of the civil and administrative law division of the Department of Law. In 1979, the members of the Department of

Law were to vote on whether or not to accept the Union as their exclusive bargaining representative. An eligibility list was drawn up with the names of those members of the Department of Law who were to be entitled to vote on the question and who would be included in the bargaining unit. Chief Isaacson's name was on this list. The list was executed and signed by the then Attorney General Ive Swan and a Union official on September 14, 1979. The election was conducted on October 2, 1979. On October 12, 1979, the Department of Labor certified the results of the election, with the result that the Union was voted as the exclusive representative for unit members. A note on the certification letter excluded from unit membership "The Attorney General, . . . Supervisors and Guards as defined by Law." The Union was to bargain for the unit in negotiations with the Government of the Virgin Islands for a collective bargaining agreement. In the meantime a "Memorandum of Understanding" was in effect between the unit and the government, which called for a grievance and arbitration procedure to be used as the exclusive remedy by any aggrieved member of the unit. In March of 1980 Attorney General Swan requested "unit clarification" from the Department of Labor. His concern was that supervisors such as Isaacson should not be a part of the unit. Before such a clarification took place, however, Isaacson was involved in an apparent fistfight at the Department of Law on July 5, 1980. On July 10, Attorney General Swan, by letter, relieved Isaacson of his duties as chief and on July 14, designated another assistant attorney general as acting chief. On July 17, 1980, Attorney General Swan gave Isaacson a letter of termination to be effective that date at 5:00 P.M. The Union demanded that the issue of termination go to arbitration. The government refused to arbitrate, taking the position that Isaacson was not a member of the Union. The Union then brought suit in the Territorial Court of the Virgin Islands, Division of St. Thomas and St. John, asking for an order directed to the government to specifically perform the arbitration agreement. On April 3, 1981, Judge Henry L. Feuerzeig entered an amended order directing the government to submit to arbitration the issues of whether Isaacson was a member of the bargaining unit and whether his dismissal was arbitrary and capricious. (Territorial Ct., St. T. and St. J. Civil No. 80-721, April 3, 1981.) An arbitration hearing was held and on March 26 the arbitrator handed down his decision. In it, he concluded that as of the day of the termination, Isaacson was a member of the unit and that the termination was arbitrary and capricious. Reinstatement, back pay and travel expenses were ordered.

Petitioner then brought the present lawsuit, asking this Court to vacate the arbitrator's award. Petitioner argues that the arbitrator did not decide whether the position of chief assistant attorney general is properly within the unit, but merely decided if Isaacson was, on the day of his termination, in the unit. The petitioner argues that without such a determination, no award can be made. Petitioner also claims that the arbitrator's award is arbitrary and capricious and against the evidence, and that the arbitrator had no authority to award moving and travel expenses.

Respondent argues that Judge Feuerzeig wanted the arbitrator to determine if Isaacson was a member of the unit at the time of his termination only and did not intend that the arbitrator should make a unit clarification on the status of the position of chief assistant attorney general. This, respondent continues, the arbitrator did and did correctly. Respondent alternatively argues that Attorney General Swan relieved Isaacson of his duties as chief one week before terminating him, so that, at the time of termination, Isaacson was a rank and file assistant attorney general and hence clearly a member of the Union.

## DISCUSSION

The first issue the Court must address is the standard of review and the scope of inquiry in reviewing an arbitrator's decision. Guidance in determining the standard and scope of review has most recently come from the United States Court of Appeals for the Third Circuit in Virgin Islands Nursing Associations' Bargaining Unit v. Schneider, 668 F.2d 221 (3d Cir. 1981). The Court of Appeals there described the "limited function played by the courts in reviewing arbitral awards." Id. at 223, saying,

> A court cannot set aside an arbitrator's award merely because it disagrees with the arbitrator on the merits, for such a policy would undermine the federal policy of encouraging the settling of labor disputes by arbitration . . . . It must only determine whether the arbitrator's decision "draws its essence from the collective bargaining agreement" . . . [T]he arbitrator is bound to render a decision on the basis of the express terms of the collective bargaining agreement itself and the "industrial common law" or the "common law of the shop"—i.e. the practices of the industry and the shop which are impliedly part of the agreement. Thus, federal courts are limited to insuring that arbitration awards are based on the agreement and the law of the shop, and such awards must be upheld if they are not in

"manifest disregard of the law" and can be rationally derived from the permissible sources of law.

668 F.2d at 223 (citations omitted). As the Supreme Court stated in United Steel Workers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 599 (1960):

It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

■■ The central question in this case is whether Isaacson was a member of the bargaining unit. The Territorial Court ordered the arbitrator to decide this question. Petitioner argues that this meant that the arbitrator was to make a determination of who was in the unit. By statute, unit determination in public employee unions in the Virgin Islands is the province of the Public Employee Relations Board (PERB). 24 V.I.C. § 370. The arbitrator concluded, and we think rightly so, that the Territorial Court is presumed to know of the PERB and its functions and so, when that court ordered the arbitrator to determine "whether or not Daniel Isaacson, Esq., was a member of the bargaining unit," it intended that the arbitrator should determine if Isaacson was a member of the unit *at the time of his dismissal,* and not to make a unit determination or clarification which would be the province of the PERB. We conclude that the arbitrator was correct in stating that Isaacson was in the unit at that time. Although the Attorney General wanted to remove Isaacson through a unit clarification request to the Department of Labor, at the time of the termination no action had been taken to remove Isaacson from the unit. The voting eligibility list, signed and executed by the Attorney General and containing Isaacson's name, had printed at the top in capital letters "EMPLOYEES INCLUDED IN UNIT" and therefore, until a unit clarification or bargaining between the parties resulted in a removal of Isaacson from the unit, he remained a member. Petitioner argues that the certification of results of the election excluded "supervisors" and that Isaacson was a supervisor. This may well be, but until some official step was taken to define who were supervisors and to remove them from the unit, persons on the eligibility list remained in the unit.

Because of this decision, we need not decide whether Isaacson was properly demoted to assistant attorney general on July 10, 1980.

The narrow scope of our review in this case prevents the Court from overturning the arbitrator's decision that the termination of

Isaacson was arbitrary and capricious. Enterprise Wheel, supra, Schneider, supra. We cannot say that the arbitrator exceeded his power in making this determination.

Lastly, the petitioner argues, citing no authority, that the arbitrator was without authority to award Isaacson travel and moving expenses. This is incorrect. Monetary damages in arbitration should "normally correspond to specific monetary losses suffered." Patterson-Sargent Co., 23 Lab. Arb. (BNA) 21, 23, (Wilcos, arb.) (1954). "The ordinary rule at common law and in the developing law of labor relations is that an award of damages should be limited to the amount necessary to make the injured 'whole'." International Harvester Co., 15 Lab. Arb. (BNA) 1 (Seward, arb.) (1950). Therefore we conclude that all the elements of the arbitrator's award were proper. The arbitrator will be affirmed in all respects.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of respondent for summary judgment be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the petition herein be, and the same is hereby, DISMISSED.