**HOTELES CONDADO BEACH LA CONCHA, Plaintiffs,**

v.

**UNION DE TRONQUISTAS DE PUERTO RICO, LOCAL 901, Defendant.**

Civ. No. 85–1413 (JAF).

United States District Court,
D. Puerto Rico.

March 31, 1986.

Agustin Collazo, San Juan, P.R., for plaintiffs.

Pedro J. Varela, Hato Rey, P.R., for defendant.

OPINION AND ORDER

FUSTE, District Judge.

This is an action brought by an employer, Condado Beach Hotel, for the setting aside of an arbitral award favorable to the union, Local 901, Unión de Tronquistas de Puerto

Rico. Jurisdiction is based on section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. Both parties have requested summary judgment under Fed.R. Civ.P. 56, claiming that the material facts are undisputed and that they are entitled to a judgment as a matter of law. *See generally* C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* Sec. 2725 at 75–112 (1983). The only issue is whether the award is contrary to law or to the collective bargaining agreement because the arbitrator chose not to submit independent findings of fact and conclusions for his decision.

The facts are not in dispute. Pursuant to a collective bargaining agreement, the parties agreed to arbitrate whether Felipe Martín, an employee of the Hotel, was discharged for just cause. On September 13, 1984 and November 26, 1984, hearings were held before the Conciliation and Arbitration Bureau of the Department of Labor of Puerto Rico. On June 5, 1985, an arbitrator ruled that Condado Beach Hotel had unjustifiably dismissed Felipe Martín. He ordered his immediate reinstatement with back pay. The arbitrator simultaneously filed a one-page opinion adopting the union's brief in support of its position. The hotel argues that the award is legally defective as the arbitrator failed to weigh independently all of the evidence. We conclude that the arbitrator properly made an independent determination on the merits, adopting the union's brief only for support.

Condado Beach Hotel maintains that in these cases explanatory opinions must be the norm because arbitration is "quasi-judicial." As a matter of law, the hotel's position lacks merit. The employer seems to ignore that arbitration has been bargained for, and as an alternative dispute-resolution mechanism, arbitration is inherently different from "quasi-judicial" proceedings. Unlike administrative decisionmaking, for example, arbitration is often informal, flexible, expeditious, and relatively inexpensive. It follows that formality in opinion-writing cannot be the rule. *See* F. Elkouri & E. Elkouri, *How Arbitration Works* at 280–82 (1985). In fact, "(a)rbitrators have no duty

to the court to give their reasons for an award." *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Arbitrators do not have to enter findings of fact or conclusions of law unless the collective bargaining agreement or public policy so requires. *Virgin Island Nursing Ass'ns, etc. v. Schneider*, 668 F.2d 221, 224 (3rd Cir.1981); *Early v. Eastern Transfer*, 699 F.2d 552, 560 (1st Cir.), *cert. denied*, 464 U.S. 824, 104 S.Ct. 93, 78 L.Ed.2d 100 (1983); *Keay v. Eastern Air Lines*, 440 F.2d 667, 668 (1st Cir.1971); *Dirring v. Lombard Bros., Inc.*, 619 F.Supp. 911, 918–19 (D.Mass.1984).

The employer has not alerted us to any provision in the collective bargaining agreement expressly requiring the arbitrator to enter full-fledged findings of fact and conclusions of law in support of decisions. It is settled under the Puerto Rico Arbitration Act, 32 L.P.R.A. Secs. 3201–3229, that explanatory determinations are not compelled. 32 L.P.R.A. Sec. 3220; *C.R.U.V. v. Hampton Development Corp.*, 112 D.P.R. 59, 63–64 (1982). The fact that the arbitrator has adopted the union's brief is alone insufficient to set aside the award. We hold that the arbitral award "draws its essence from the collective bargaining agreement", *United Steelworkers of America*, 363 U.S. at 597, 80 S.Ct. at 1361, and is not contrary to the public policy of Puerto Rico's Arbitration Act. *See Local 1445, United Food and Commercial Workers Int'l Union, AFL–CIO v. Stop & Shop Companies*, 776 F.2d 19, 21 (1st Cir. 1985). For these reasons, defendant's motion for summary judgment is GRANTED. Summary judgment as requested by the employer is DENIED. Plaintiff's complaint is DISMISSED. We ORDER the Clerk of the Court to enter judgment for defendant, enforcing the arbitral award of June 5, 1985.

IT IS SO ORDERED.