GOVERNMENT OF THE VIRGIN ISLANDS DEPARTMENT OF JUSTICE, Petitioner

v.

PUBLIC EMPLOYEES RELATIONS BOARD AND UNITED INDUSTRIAL WORKERS OF NORTH AMERICA, SEAFARERS INTERNATIONAL UNION, AFL–CIO (Local 16) Acting on Behalf of AMELIA JOSEPH, Respondents

Civil No. 729/89

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 28, 1991

PAUL L. GIMENEZ, ESQ. (Department of Justice), St. Thomas, V.I., *for petitioner*

LORIN M. KLEEGER, ESQ. (Public Employees Relations Board), St. Croix, V.I., *for respondent PERB*

Eszart Wynter, Esq., UIW–SIU, AFL–CIO, Local #16, St. Croix, V.I., *for respondent UIW–SIU, AFL–CIO, Local #16*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

### I. INTRODUCTION

Did the Public Employees Relations Board (PERB) exceed its authority when it ordered the V.I. Department of Justice to arbitrate the grievance regarding termination of an employee whose classification as probationary or non-probationary was indeterminable? This is the question presented by both Motions for Summary Judgment filed by the parties. For the reasons which follow, the court answers the question in the negative, and will therefore grant the Respondents' Motion for Summary Judgment and decree the enforcement of the PERB order.

### II. FACTS

Respondent, Amelia Joseph, was hired by the Petitioner as an Assistant Attorney General, beginning May 9, 1988. During her six-month probationary period Ms. Joseph received on September 30, 1988 a letter recommending termination of her employment by the Attorney General, Godfrey de Castro. On October 5, 1988 Ms. Joseph, through her attorney and pursuant to the procedure for grievances, made a written demand for arbitration of the Attorney General's recommendation to terminate her. The Attorney General did not respond.

On October 6, 1988, still within Ms. Joseph's probationary period, her termination Notice of Personnel Action ("NOPA") was signed on behalf of the Personnel Director. Governor Farrelly, the only official authorized by law to terminate an Assistant Attorney General, signed the NOPA without indicating the date of his signature. It is the established practice, in such matters, that the NOPA is signed by the Governor after it is signed by the Personnel Director. Ms. Joseph would have been a permanent employee as of October 9, 1988, entitled to seniority rights, and the absence of the date of the Governor's signature made it impossible for PERB to determine whether the termination was effectuated before or after the expiration of the probationary period.

On December 27, 1988, Respondent UIW filed a charge of unfair labor practice with PERB against the Office of the Attorney General,

Department of Justice, on behalf of Ms. Joseph. The charge alleged that the Attorney General refused to arbitrate its decision to terminate Ms. Joseph and to keep her on the payroll pending arbitration, pursuant to the Collective Bargaining Agreement (CBA) which governs grievance procedures. The Seafarers International Union is the certified exclusive bargaining representative of the unit of employees which consist of all Assistant Attorneys General employed by the petitioner. The parties signed the CBA, pursuant to which the probationary period of all new Assistant Attorneys General is six (6) months. Probationary Assistant Attorneys General have no seniority rights and they can be dismissed with or without just cause by the Governor. After the probationary period, Assistant Attorneys General may only be discharged "for cause" by the Governor.

Where a grievance exists the matter is to be put in writing and discussed between the aggrieved employee and the Attorney General or his designee within ten (10) days of the occurrence of the grievance. Within seven (7) working days of this discussion, the Attorney General is to advise the employee of his decision. If the answer is not satisfactory to the Union and the grievant, the Union can demand arbitration within fifteen (15) days after receipt of the decision.

The PERB afforded the petitioner and the respondent an opportunity to contest its amended proposed findings of fact, which include all the facts set forth below. Neither party refuted them. Then on July 17, 1989 the PERB found that the Department of Justice's refusal to process the grievance, i.e., to acknowledge Ms. Joseph's demand for arbitration, was an unfair labor practice and ordered the Department to arbitrate the termination of Ms. Joseph. No arbitration has been held. Instead, the Department of Justice appealed PERB's decision to this court, pursuant to 24 VIC section 380.

### III. DISCUSSION

*Standard of Review*

The first issue that the court must address is the standard of review of and the scope of inquiry in reviewing a decision of PERB. Finch Sheen v. United Industrial Workers, 20 V.I. 125 (D.V.I. January 7, 1983). In a review of PERB's decision, all questions of facts determined by the PERB pursuant to section 379 shall be "conclusive" if supported by substantial evidence on the record considered as a whole. 24 V.I.C. section 380. Applying the above principle to the

76

instant case, this court holds that it is without authority to disturb the fact-finding of the PERB because there is substantial evidence to support it.

In explaining its decision, PERB stated that a failure of a party to process grievances in accordance with the terms of a valid CBA constitutes a refusal to bargain in good faith. In the matter of United Industrial Workers of N.A. Seafarers International Union v. Office of Attorney General, PERB–ULPC-89-6 (citing United Steelworkers of America v. Warrior and Gulf Navigation Co., 363 U.S. 574 (1960).

PERB further stated that the failure of the Attorney General to arbitrate was an unfair labor practice. Its rationale was that the Governor is the proper party to terminate an Assistant Attorney General, pursuant to 3 V.I.C. section 113(a) and in accordance with Finch-Sheen, supra. No such legal authority exists in the Attorney General nor the Director of Personnel. PERB further found that since the Governor signed the termination NOPA without date, it is possible that Ms. Joseph was not effectively terminated until after her six months probationary period had expired. In such a case, Ms. Joseph would have been a permanent employee entitled to seniority rights, who could not be terminated without just cause and who would have a right to have the termination decision arbitrated.

A further basis for PERB's holding that the decision of terminating Ms. Joseph was subject to arbitration pursuant to the CBA is that in Finch-Sheen the decision to terminate the employee, an Assistant Attorney General, went through the full grievance process and was arbitrated at a time when the issue of the employees classification as probationary or non-probationary was ambiguous. The employee was hired on March 24, 1980. At the time of that employee's hiring, the probationary period was one year. On March 20, 1981 the employee was discharged by the Acting Attorney General. Because the Governor did not sign the termination NOPA until September 21, 1981, approximately five months after the completion of the probationary period, the employee was held to be non-probationary, i.e., a permanent employee. The employee was therefore ordered reinstated.

In the instant case PERB found it significant that the Attorney General in Finch-Sheen obviously conceded that the discharge of the "probationary employee" was arbitrable and obviously conceded the question of who had authority to effectuate a dismissal of a probationary employee, since the grievance proceeded to arbitration without incident. It is also significant that the court in Finch-Sheen after finding that the Governor was the proper party to effectively dis-

77

charge an Assistant Attorney General, remanded the case to arbitration. On remand, the arbitrator was to determine whether the discharge was proper since the Governor did not sign Mr. Husband's termination until approximately six (6) months after the Attorney General's action and after the probationary period. Finch-Sheen, 20 V.I. at 131.

■ After reviewing the decision of PERB, this court finds that the questions of fact determined by the PERB are conclusive because they are supported by substantial evidence in the record.

*Scope of the PERB's Authority*

Among the duties of the PERB is the duty to conduct hearings and/or procedures when warranted on complaints of prohibited practices, and to take such actions with respect thereto as it deems "necessary and proper." 24 V.I.C. section 365(h). Upon receipt of a complaint the PERB is authorized not only to make findings of "fact," but also conclusions of "law" based on its analyses. 24 V.I.C. section 379(a)(3).

Based on the specified duties of the PERB as set out above, it cannot be said that the PERB's determination that there was an unfair labor practice was ultra vires. PERB received a complaint from Ms. Joseph and acted upon that complaint.

Where, as here, the incomplete termination documents make it difficult or impossible to determine whether the Governor's signature was affixed before or after the expiration of the probationary period, PERB acted within the scope of its authority to refer that issue to arbitration. Indeed, because of the employer's error of omission regarding the termination date any analysis should properly be viewed in the light most favorable to the employee. Since the CBA specifies that a permanent employee's grievance of a decision to terminate must be arbitrated, PERB's referral of that issue to arbitration did not exceed its authority.

## IV. CONCLUSION

■ In view of the foregoing, it is clear that PERB's decision is not ultra vires, nor is it an erroneous one. It's Findings of Facts and Conclusions of Law are well within the scope of its authority pursuant to 24 V.I.C. section 379(a)(3), and the issue is clearly subject to arbitration.

*Accordingly, Respondent's Motion for Summary Judgment will be granted, and Petitioner's Motion for Summary Judgment will be denied.*