**UNIDAD LABORAL DE ENFERMER-AS(OS) Y EMPLEADOS DE LA SALUD (ULEES), Plaintiff,**

v.

**HOSPITAL DE DAMAS, INC., Defendants.**

**No. CIV. 99–2294(SEC).**

United States District Court, D. Puerto Rico.

Oct. 25, 2001.

Carlos M. Ortiz–Velázquez, San Juan, P.R., for Plaintiffs.

Jorge P. Sala, Ponce, P.R., for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

This action involves Gladys Velez Olivari's ("Plaintiff") challenge to the validity of an arbitration award sustaining Hospital de Damas' ("Defendant") decision to terminate her employment for chronic absenteeism, low productivity and negative attitudes toward co-workers and patients.

This case was originally filed in the Court of First Instance San Juan Part, and was properly removed by Defendant pursuant to 28 U.S.C. § 1441(a). (**Docket # 4**). Defendant invoked federal jurisdiction pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, inasmuch as this is an action to review an arbitration award issued under the terms of a collective bargaining agreement between the Plaintiff and Defendant.

The parties having submitted legal memoranda on the issues presented (**Docket ## 12 & 13**), this case is ready for disposition. For the reasons set forth below, Plaintiff's request to set aside the arbitrator's decision is **DENIED** and the above-captioned matter is **DISMISSED WITH PREJUDICE**.

## Discussion

### A. Plaintiff's Case

Plaintiff worked for Defendant for twenty-three years in various departments. Her employment at Hospital de Damas concluded with a term in the Pre–Admissions Department from 1990 until August 14, 1998, when she was discharged for chronic absenteeism, low productivity and negative attitude toward co-workers and patients.

According to Defendant, Plaintiff had a long history of warnings and suspensions from as far back as 1995. These measures were taken to counter Plaintiff's frequent absences from work. In addition, Defendant claimed that Plaintiff's productivity suffered in 1998, and that her attitude was less than desirable. Plaintiff, on the other hand, claimed that her absenteeism was justified by citing health concerns, and the fact that she would call to notify her absences and, on occasion, submit medical certificates. Plaintiff also established that she had chronic Hepatitis "C," and argued that the secondary effects of the medications caused irritation, malaise, pain and anemia. Plaintiff maintained that her dismissal was unfair and discriminatory, and requested reinstatement from the arbitrator.

### B. The Arbitrator's Decision

On October 19, 2001 Arbitrator Radames Jordan Ortiz issued his decision in the grievance filed by Plaintiff's union against her employer Hospital de Damas. (**Docket # 1, app. 1**) The grievance was filed under the procedures outlined in the Collective Bargaining Agreement between Hospital de Damas and the union representing Plaintiff and her co-workers. On December 15, 1998 an arbitration hearing was convened to resolve the dispute. Following the hearing, the parties were granted until February 16, 1999 to submit simultaneous allegation briefs. When the briefs were received, the case was submitted for adjudication. After considering the evidence and the parties' arguments, the arbitrator concluded that "there is no legal or justifiable manner in which one may label the dismissal as unfair or discriminatory so as to be able to amend or revoke it." (**Docket # 1, app. 1 at p. 9**).

### C. Standard of Review

An arbitrator's interpretation of a collective bargaining agreement "must

draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice." *Boston Medical Center v. Service Employees International Union, Local 285*, 260 F.3d 16, 21 (1st Cir.2001)(*citing United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987)). Even when the Court disagrees with the arbitrator's interpretation of the collective bargaining agreement, that finding alone is not enough to overturn the award. *See Misco*, 484 U.S. at 38, 108 S.Ct. 364 (holding "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed a serious error does not suffice to overturn his decision."). This great deference is shown "because the parties to a collective bargaining agreement have bargained for the arbitrator's construction of their agreement." *Boston Medical Center*, 260 F.3d at 21, (*quoting Eastern Associated Coal Corp. v. United Mine Workers of Amer.*, 531 U.S. 57, 62, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000)(internal citations omitted)). As such, the Court should only set aside an arbitrator's interpretation in rare instances. *Id.*

## D. The Parties' Arguments

In her memorandum, Plaintiff makes three arguments. First, Plaintiff alleges that the arbitrator's conclusion that she displayed a negative attitude towards patients and co-workers is not sustained by determinations of proven facts. Specifically, Plaintiff calls into doubt the sufficiency of the employer evaluations relied upon by the arbitrator in reaching his conclusion that her termination was justified. Next, Plaintiff argues that the award is arbitrary in that it simply states that the employee has a voluminous record of absences, but does not determine whether they were justified pursuant to the provisions of the

Collective Bargaining Agreement. Finally, Plaintiff claims that her termination was in violation of public policy because the arbitrator ignored the fact that she was disabled as defined in the Americans With Disabilities Act, 42 U.S.C. § 211, *et seq.* ("ADA").

Defendant has also filed a memorandum where Plaintiff's arguments are opposed and a request is made for the Court to uphold the arbitrator's decision. Defendant's first argument for upholding the decision is that the arbitrator had no duty to the court to give his reasons for the award. Defendant's second argument is that the award does not violate public policy because any duty owed to Plaintiff under the ADA was met.

## E. Analysis

 As the Court explained above, Plaintiff has objected to the arbitrator's decision based on his alleged failure to justify the decision pursuant to the factual record and the Collective Bargaining Agreement. Defendant, on the other hand, argues that the arbitrator had no duty to justify the decision with specific findings of fact and conclusions of law. Instead, Defendant argues that the arbitrator's decision should be upheld so long as it is draws its essence from the collective bargaining agreement.

In essence, Plaintiff maintains that in these cases explanatory opinions with factual and legal justifications must be provided by the arbitrator. This argument is presumably based on the fact that arbitration is a "quasi-judicial" proceeding. *See Hoteles Condado Beach La Concha v. Union de Tronquistas de Puerto Rico*, 632 F.Supp. 6 (D.P.R.1986) (J. Fuste). The Court finds Plaintiff's contention is incorrect as a matter of law because in making this argument, Plaintiff "seems to ignore

that arbitration has been bargained for, and as an alternative dispute-resolution mechanism, arbitration is inherently different from "quasi-judicial" proceedings." *Id.* at 7. By definition, arbitration is informal, flexible, expeditious, and relatively inexpensive when compared to administrative or judicial proceedings. Thus, "it follows that formality in opinion-writing cannot be the rule." *Id.* (*citing* F. Elkouri & E. Elkouri, *How Arbitration Works,* at 280–82 (1985)).

In fact, "(a)rbitrators have no duty to the court to give their reasons for an award." *United Steelworkers of America v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 598, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Arbitrators do not have to enter findings of fact or conclusions of law unless the collective bargaining agreement or public policy so requires. *Virgin Islands Nursing Ass'ns, etc. v. Schneider,* 668 F.2d 221, 224 (3rd Cir.1981); *Early v. Eastern Transfer,* 699 F.2d 552, 560 (1st Cir.1983); *Keay v. Eastern Air Lines,* 440 F.2d 667, 668 (1st Cir.1971); *Dirring v. Lombard Bros., Inc.,* 619 F.Supp. 911, 918–19 (D.Mass.1984). In this case, Plaintiff has not informed the Court as to any provision in the collective bargaining agreement expressly requiring the arbitrator to enter full-fledged findings of fact and conclusions of law in support of decisions.

■ Notwithstanding our holding concerning the arbitrator's duties to substantiate its award, a review of the arbitrator's decision contradicts Plaintiff's argument that no justification was given for the decision. Specifically, with regard to Plaintiff's chronic absenteeism and problems with patients, the arbitrator relied upon and cited seven exhibits which document Plaintiff's numerous suspensions for absences and a suspension for problems with patients. Moreover, the arbitrator utilized the provisions of the Collective Bargaining Agreement regarding absenteeism and Defendant's progressive discipline procedure in reaching the decision. It is clear to the Court that the arbitrator decision on these issues drew its essence from the Collective Bargaining Agreement. Therefore, we must uphold the decision based on the limited scope of our review.

■ Plaintiff's final argument is that the arbitrator's decision should not be upheld because it is contrary to public policy and in violation of the provisions of the ADA. "The public policy exception to the enforcement of arbitral awards finds its roots in basic contract law: A court's refusal to enforce an arbitrator's award under a collective bargaining agreement because it is contrary to public policy is a specific application of the more general doctrine, rooted in the common law, that a court may refuse to enforce contracts that violate public policy." *Boston Medical Center,* 260 F.3d at 23, (*quoting Misco,* 484 U.S. at 42, 108 S.Ct. 364). "Yet the public policy exception is limited to instances where the contract as interpreted by the arbitrator would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of public interests." *Boston Medical Center,* 260 F.3d at 21, (*quoting Misco,* 484 U.S. at 43, 108 S.Ct. 364).

■ Although Plaintiff is correct that a court may vacate an arbitration award if it is contrary to public policy, such authority is exceedingly narrow. For example, in *Misco,* the Supreme Court rejected an employer's argument that it was against public policy to reinstate an employee who brought drugs on the property of a company that operated heavy machinery. *Misco,* 484 U.S. at 43, 108 S.Ct. 364. Here, unlike *Misco,* by citing the ADA, Plaintiff has at

least produced a modicum of statutory authority to support its public-policy claim. However, the ADA provisions apply only when a qualified worker who is disabled under the terms of the statute requests a reasonable accommodation. Such general statutory language cannot be used to address the situation involved in the present case where the arbitrator found no evidence to sustain that the employer discriminated against Plaintiff. In fact, the arbitrator found that, on at least two occasions, Plaintiff's employer inquired as to whether her condition affected her capacity to perform her job, and whether she would like to be reassigned to perform tasks in another position. Each of these offers was refused. We therefore reject Plaintiff's public-policy argument.

## Conclusion

For the reasons set forth above, Plaintiff's request to set aside the arbitrator's decision is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.