## VIRGIN ISLANDS NURSES ASSOCIATION'S BARGAINING UNIT, Petitioner

v.

## DR. ROY L. SCHNEIDER, COMMISSIONER OF HEALTH, and DEPARTMENT OF HEALTH, Respondents

Civil No. 1980-125

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 14, 1981

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for petitioner*

ELBERT G. BENNETT, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for respondent*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

In its present posture, this appeal from a labor arbitrator's award is before the Court on motions of both the petitioner and respondents for summary judgment. Fed. R. Civ. P. 56.

In our August 5, 1980, order in the instant case, in which we denied respondents' motion to dismiss the petition for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6), we concluded that this Court has jurisdiction to determine whether an arbitrator properly exercised his authority under the collective bargaining agreement (hereinafter "Agreement") between the Virgin Islands Nurses Association (hereinafter "Nurses Association") and the Virgin Islands Department of Health (hereinafter "Department of Health"), when the arbitrator made a ruling on a dispute. The Court further stated that the only issues it could consider regarding this matter were whether the arbitrator had exceeded his authority or failed to perform his contractual duty and whether the arbitrator's award was arbitrary or capricious. See Block Pontiac, Inc. v. Candando, 274 F.Supp. 1014, 1019 (E.D. Pa. 1967). The Court has reviewed the briefs submitted by both parties on these issues, and as "there is no genuine issue as to any material fact," Fed. R. Civ. P. 56(c), the Court will rule in favor of the respondents for the reasons set forth below.

The Nurses Association and the Department of Health went to arbitration, pursuant to Article XXVI of the Agreement, in order to determine whether an Assistant Director of Nursing was hired by the Commissioner of Health without compliance with the posting requirement of Article XVI of the Agreement. On January 9, 1980, the arbitrator, Lionel A. Todman, made the written finding that

"Commissioner of Health, Dr. Roy L. Schneider, did not violate the terms of the contract when he hired an Assistant Director of Nursing." The petitioner then brought the instant petition to vacate the arbitrator's award on the ground that it was insufficient as there was no explanatory opinion submitted with the arbitrator's finding which outlined the reasons for the award.

■ As the petitioner has noted, the Third Circuit has held that a labor arbitrator's findings will not be disturbed except where his interpretation is "in manifest disregard of the agreement [or] totally unsupported by principles of construction and the law of shop." Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128 (3rd Cir. 1969). Petitioner reasons that because the arbitrator did not set out the reasons for his award, it follows that the Court will be unable to determine whether the premises of the award are in "manifest disregard" of the Agreement and that thus the Court cannot determine whether the arbitrator has properly performed his contractual duty or whether the award was arbitrary or capricious. We disagree.

■ Article XXVI of the Agreement sets forth the duties and powers of an arbitrator. It does not require the arbitrator to include an explanatory opinion along with the decision he renders nor is there any statute which imposes such a requirement. No procedural violations of any requirements of Article XXVI have been alleged and none are apparent from the record before the Court. Thus, the Court can find that the arbitrator has properly performed his contractual duty. See United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598 (1960) ("Arbitrators have no obligation to the court to give their reasons for an award . . . . Moreover, we see no reason to assume that this arbitrator has abused the trust the parties confided in him and has not stayed within the areas marked out for his consideration. It is not apparent that he went beyond the submission.").

■ Furthermore, it is clear that the arbitrator's decision should not be overturned on the merits. The arbitrator was engaged to settle a dispute as to whether the Commissioner of Health complied with the posting requirements enumerated in Article XVI of the agreement. The arbitrator heard testimony from both sides on this issue of fact and both parties were allowed to cross-examine the opposing witnesses. The arbitrator then concluded that the position of the Department of Health was the correct one. As petitioner has not provided the Court with any specific reasons why this decision is

"arbitrary or capricious" the Court has no reason to review the merits. See United Steelworkers, supra, at 596 ("The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements"); Block Pontiac, supra, at 1020 (If "the arbitrator has authority to act . . . . *The award may not be examined for alleged mistakes of law and erroneous evaluation of evidence.*"). We conclude, therefore, that the absence of an explanatory opinion is irrelevant.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of petitioner for summary judgment be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that respondents motion for summary judgment be, and the same is hereby, GRANTED.