VIRGIN ISLANDS WATER AND POWER AUTHORITY, Plaintiff

v.

GASTRONOMICAL WORKERS UNION LOCAL NO. 610 OF THE HOTEL AND RESTAURANT EMPLOYEES AND BARTENDERS INTERNATIONAL UNION (AFL–CIO), Defendant

Civil No. 1025/1982

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 30, 1983

116

GEORGE DUDLEY, JR., ESQ. (DUDLEY, DUDLEY & TOPPER), St. Thomas, V.I., *for plaintiff*

JOHN R. COON, ESQ., Christiansted, St. Croix, V.I., *for defendant*

MEYERS, *Judge*

## MEMORANDUM OPINION

## I. INTRODUCTION

Gastronomical Workers Union Local No. 610 of the Hotel and Restaurant Employees and Bartenders International Union (Local No. 610), pursuant to Rule 12, Federal Rules of Civil Procedure, filed a motion to dismiss Virgin Islands Water and Power Authority's (WAPA) complaint seeking a declaratory judgment vacating an arbitral award. The plaintiff filed a motion for summary judgment, pursuant to Rule 56, Federal Rules of Civil Procedure, and defendant filed an opposition thereto and renewed its motion to dismiss. For the reasons set forth below, the plaintiff's motion for summary judgment shall be denied and defendant's motion to dismiss granted.

## II. FACTS

WAPA and Local No. 610 are parties to a Collective Bargaining Agreement, effective from April 30, 1982, to June 30, 1983, except as to wages for which the Agreement was made retroactive to November 1, 1981. Article 7 of said Agreement provides a procedure for the resolution of grievances and disputes regarding the interpretation or application of the Agreement. The last step of this procedure is final and binding arbitration. Pursuant to this procedure, the defendant filed a grievance as the exclusive representative for a bargaining unit comprised of plaintiff's supervisory employees. The grievance arose out of a dispute over the proper method of calculating wage increases agreed to in Interim Appendix A of the Collective Bargaining Agreement, which provides that:

> The employees covered by this Agreement shall receive a wage increase of not less than $1,400.00 or 7% per annum, whichever is greater, prorated and retroactive to November 1, 1981. Effective July 1, 1982, the employee shall receive a second increase of not less than 9%. These increases shall be reproduced in the form of wage schedules which shall become a part of the Agreement upon approval by the Union and the Governing Board of the Authority.

After processing through the preliminary steps of the grievance procedure, the matter still remained unresolved, and accordingly, was submitted to an arbitrator chosen by the parties. At the October

12, 1982, arbitration hearing, Local No. 610 contended that the language of the aforementioned Interim Appendix A of the Agreement meant that the employees in question were entitled to wage increases representing the greater of $1,400.00 or 7% of their annual base salary, payable in full over an eight-month period from November 1, 1981, to June 30, 1982. WAPA, on the other hand, contended that said increases were to be computed on an annual basis and prorated over an eight-month period. On October 25, 1982, the arbitrator, Ive A. Swan, Esquire, issued a memorandum decision upholding the defendant's position. On November 9, 1982, plaintiff's staff attorney wrote a letter to the arbitrator seeking a clarification of his decision, to which the arbitrator responded by letter dated November 30, 1982. Apparently dissatisfied with the arbitrator's decision, plaintiff instituted the instant action for declaratory judgment.

## III. DISCUSSION

The first issue to be addressed by the Court relates to the appropriate standard and scope of judicial review in interpreting or applying the Public Employees Relations Act of 1980, 24 V.I.C. § 361 et seq. to the case sub judice. Finch-Sheen v. United Industrial Workers of North America, Civil No. 82-101, 1983, St. T. and St. J. Supp. (D.V.I., January 28, 1983), and Virgin Islands Nursing Association's Bargaining Unit v. Schneider, 668 F.2d 221 (3rd Cir. 1981), make it clear that resort should be made to the decisional law interpreting and applying national labor policy as contained in the Labor Management Relations Act of 1947, § 301, 29 U.S.C. § 141, et seq.

The standard for judicial review of arbitration awards has been narrowly circumscribed in the area of labor relations by the United States Supreme Court's opinions in three major cases commonly referred to as the Steelworkers Trilogy, i.e., United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564 (1960); United Steelworkers of America v. Warrior & Gulf Naviation Co., 363 U.S. 574 (1960); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960). The standard enunciated by the United States Supreme Court is that:

> [A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; . . . He may of course look for guidance from many sources, yet his *award* is *legitimate only so long as it draws its essence from the collective bargaining agreement.* When the arbitrator's words manifest an infidelity to

119

this obligation, courts have no choice but to refuse enforcement of the award. . . . A mere ambiguity in the opinion and accompanying award, which permits the inference that the arbitrator may have exceeded his authority, is *not* a reason for refusing to enforce the award. (Emphasis added.)

United Steelworkers of America v. Enterprise Wheel, supra, 363 U.S. at 597–598. Accord, Virgin Islands Nursing Association's Bargaining Unit v. Schneider, supra at p. 223.

■ In construing what the United States Supreme Court meant when it stated that the labor arbitrator's award must "draw its essence from the collective bargaining agreement," the United States Court of Appeals for the Third Circuit held that the phrase meant that "if the interpretation can *in any rational way* be derived from the agreement," it met the standard enunciated above and should *not* be disturbed by a reviewing court *unless* "there is a manifest disregard of the agreement totally unsupported by principles of contract construction and the law of the shop." Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128 (3rd Cir. 1969). (Emphasis added.)

With the foregoing principles of law in mind, we now turn our attention to the facts of the instant case. In its motion for summary judgment, WAPA contends that if the language of the arbitrator's Memorandum Decision is to be "read as representing a conclusion that the negotiated wage increase is a lump sum increase to be paid in full over the 8-month period, [it] would have to be vacated since it would manifestly disregard the clear provisions of the Collective Bargaining Agreement regarding proration."

The arbitrator was called upon to interpret the following language in Interim Appendix A to the parties' Collective Bargaining Agreement:

> The employees covered by this Agreement shall receive a wage increase of not less than $1,400.00 or 7% per annum, whichever is greater, prorated and retroactive to November 1, 1981.

In his Memorandum Decision, the arbitrator stated that:

> Upon close scrutiny of the contract language, I find that the 7% per annum does not mean that the increase covers a twelve months [sic] period. Rather, it is the rate of "percentage" to be used in computing the salary increase of each person in the Bargaining Unit so that the particular *amount can be compared* with the $1,400.00 to determine which is greater. The 7% per annum *modifies the rate of the salary increase.*

120

Additionally, the period covered by the increase is eight months from November 1, 1981, to June 30, 1982. This position is consistent with the second sentence in the appendix which provides for a second increase effective July 1, 1982. It seems incongruous or unlikely that the parties would agree to provide for a second salary increases [sic] covering a specific time period which would over lapse [sic] with the first period covered by the first salary increase which is precisely what would happen should I be persuaded to follow the Authority's [WAPA] position. (Emphasis added.)

Memorandum Decision at 2.

 From the foregoing excerpts of the arbitrator's Memorandum Decision, this Court finds that he merely interpreted in a rational manner the language of the parties' agreement. Furthermore, the United States Supreme Court has stated that:

. . . the question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for, and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

Enterprise Wheel & Car Corp., supra, 363 U.S. at 599. Indeed, the United States Court of Appeals for the Third Circuit, in reiterating the cardinal principles established by the United States Supreme Court and that court with respect to arbitral awards, stated that

[f]ederal policy in favor of settling labor disputes by arbitration requires that courts refrain from reviewing the merits of arbitration awards. (Citations omitted.) District courts are not to review awards for legal errors as if they were appellate bodies reviewing trial courts, but are limited to determining whether an award "draws its essence from the collective bargaining agreement." (Citations omitted.)

Super Tire Engineering Co. v. Teamsters Local Union No. 676, at 721 F.2d 121 at 123–124 (3rd Cir. 1983). Just recently, in W. R. Grace & Co. v. Local Union 759, 103 S. Ct. 2177 (1983), the Supreme Court stated that "[u]nder well-established standards for the review of arbitration awards, a [ ] court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be a better one." Id. at 2182.

■ Thus, even if this Court's interpretation of the Collective Bargaining Agreement is different from the arbitrator's, it cannot overrule him unless there is a manifest disregard of the Agreement. This the Court does not find. Accordingly, Local No. 610's motion to dismiss will be granted, and WAPA's motion for summary judgment will be denied.

## CONCLUSION

Applying the foregoing principles of law to the facts of this case, it cannot be said there is a manifest disregard of the agreement which is totally unsupported by principles of contract construction and the law of the shop. Hence, the arbitrator's decision shall stand.

## ORDER

In accordance with the accompanying Memorandum Opinion, it is

ORDERED that plaintiff's motion for summary judgment be and the same is hereby DENIED; and it is further

ORDERED that defendant's motion to dismiss plaintiff's complaint be and the same is hereby GRANTED.