UNITED STEELWORKERS OF AMERICA, LOCAL 8249, an
unincorporated association, Plaintiff

v.

ADBILL MANAGEMENT CORPORATION d/b/a LIMETREE
BEACH HOTEL, a corporation, Defendant

Civil No. 83-87

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 25, 1984

JOHN R. COON, ESQ. (Law Offices of JOHN K. DEMA, P.C.), Christiansted, St. Croix, V.I., *for plaintiff*

ROBERT H. STROPP, JR., ESQ. (COOPER, MITCH & CRAWFORD), of Counsel, Birmingham, Alabama, U.S.A., *for plaintiff*

ADRIANE J. DUDLEY, ESQ., Charlotte Amalie, St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM OPINION

This action for enforcement of an arbitration award is before the Court on cross motions of the parties for summary judgment. We have jurisdiction under 29 U.S.C. § 185 (1976). There being no material facts in dispute, this matter is ripe for disposition.

Grievant Roger Green was employed as a bellman at the Limetree Beach Hotel from August 8, 1976, until discharged on the evening of January 26, 1982, for attempting to remove left-over food from the hotel premises in violation of the "Rules and Regulations" of defendant employer. A grievance was filed on behalf of Green, a member of plaintiff union, challenging the dismissal. Unable to settle the grievance under the grievance procedure prescribed by their collective bargaining agreement, the parties submitted Green's grievance to arbitration as required by said agreement. The submission agreement provided that "[t]he Arbitrator shall determine if Grievant's discharge was for just cause or not; if it was not, he shall provide an adequate remedy."[1]

On June 5, 1982, a hearing was held before Edgardo J. Cruz-Fortier, Arbitrator. The arbitrator rendered his decision on Janu-

---

[1] Article V, Section 5.0 of the collective bargaining agreement vests in the employer "the right to hire, promote, reclassify, transfer employees; and for just cause, discipline, suspend, separate or discharge employees."

ary 31, 1983. After detailed evaluation of the testimonial and documentary evidence presented, the arbitrator concluded:

> Grievant is guilty as charged of violating the company policy prohibiting employees from taking left-over food. Such breach of discipline, however, did not constitute just cause for discharge. Grievant's discharge is therefore reversed and changed to a six month suspension without pay. Grievant shall be immediately reinstated with full back pay retroactive to 1 August 1982 onwards.

In re Arbitration Between Adbill Management Corporation and United Steelworkers of America, District 36, Local 8249, Case No. Lt #2-82 at 11 (Jan. 31, 1982) (Cruz-Fortier, Arb.).

The uncontested affidavit of Cephus Rogers, Staff Representative for plaintiff union, demonstrates to the satisfaction on this Court that defendant employer has failed to comply with the arbitrator's award.[2] Plaintiff prays for enforcement of the arbitrator's award. Defendant counters that the award is void and must be set aside. The award is void, defendant contends, because "(1) the arbitrator ignored his specific finding that the grievant was guilty as charged and (2) the arbitrator delayed an unreasonably long period of time before rendering his decision."

## I.

The strong congressional policy favoring the peaceful resolution of labor disputes through binding arbitration, see 29 U.S.C. § 173(d) (1976), mandates that our role in reviewing the decision of an arbitrator be an extremely limited one. Thus, we are bound to decline review of the merits of arbitration awards "so that both employers and unions can be confident in obtaining the decision of the arbitrator for which they have bargained." Kane Gas Light & Heating v. International Brotherhood of Firemen and Oilers, Local 112, 687 F.2d 673, 678 (3d Cir. 1982). See also United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596–99

---

[2] Defendant in its answer denied plaintiff's allegation that "defendant has failed and refused to abide by said Arbitrator's Award and to reinstate to employment the aforesaid grievant." However, when a motion for summary judgment is made and supported by affidavit, "an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). As defendant has failed to counter the affidavit of Cephus Rogers, we must deem it an established, uncontested fact that defendant has failed to comply with the arbitrator's award.

(1960). As the Court of Appeals for the Fifth Circuit has observed, if the courts were free to review the merits of arbitral awards at their discretion, "arbitration as the structure for industrial peace supplanting the usual processes for court adjudication would itself be supplanted by the judicial machine at the time it would count the most—that is, at the moment an arbiter's award was sought to be enforced." Safeway Stores v. American Bakery and Confectionary Workers International Union, Local 111, 390 F.2d 79, 82 (5th Cir. 1968).

So long as the arbitrator's award "draws its essence from the collective bargaining agreement," Enterprise, 363 U.S. at 597, "the court will defer to the arbitrator's decision." Kane, 687 F.2d at 687. The Court of Appeals for the Third Circuit has determined that an arbitrator's award shall be deemed to "draw its essence from the collective bargaining agreement" whenever the arbitrator's interpretation of the agreement "can in any rational way be derived from the agreement." Ludwig Honold Manufacturing Co. v. Fletcher, 405 F.2d 1123, 1128 (3d Cir. 1969). We may thus disturb the arbitration award at issue only if it reveals "a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop." Id.

## II.

In light of the foregoing, we conclude that defendant's contentions are entirely without merit. Far from betraying manifest disregard of the collective bargaining agreement, the arbitrator's award is entirely consistent therewith.

The question submitted to the arbitrator was precisely that of whether grievant was discharged for just cause. The submission agreement expressly provided that if he was not, the arbitrator was to "provide an adequate remedy." Contrary to defendant's protestations, we believe, in light of the collective bargaining agreement and the arbitral submission of the parties, that the arbitrator's finding that grievant had indeed committed the offense charged is entirely consistent with his conclusion that the offense did not constitute just cause for dismissal.

While the collective bargaining agreement vests in the employer the right to discharge employees, it explicitly conditions dismissal on the existence of just cause. Article V, Section 5.1. Moreover, the agreement plainly empowers the arbitrator to reduce the penalty imposed upon a disciplined employee. The arbitrator may "provid[e] for disciplinary action short of suspension and discharge, if it

498

appears the conduct of the employee warrants it." Article VIII, Section 8.6. By ordering reinstatement of the grievant the arbitrator acted entirely within the scope of his authority as defined under the collective bargaining agreement freely negotiated by the parties. The arbitrator's thoughtful decision reveals not that he ignored his finding that Green had violated a company regulation, as defendant suggests, but that he concluded that Green's transgression did not warrant dismissal. So long as this conclusion is not in manifest disregard of the collective bargaining agreement, and we hold that it is not, we are not at liberty to second-guess the arbitrator with respect thereto.

■ Nor are we pursuaded that the cases relied on by defendant compel a contrary result. As the Court of Appeals for the Third Circuit has explained, International Brotherhood of Firemen & Oilers, Local 935-B v. The Nestle Co., 630 F.2d 474 (6th Cir. 1980), and International Union of Operating Engineers, Local No. 670 v. Kerr-McGee Refining Corp., 618 F.2d 657 (10th Cir. 1980), stand merely for the proposition that "an arbitrator's decision should be vacated when the arbitrator finds facts *that constitute grounds for discharge under the collective bargaining agreement,* but, in disregard of those facts and the terms of the agreement, refuses to uphold the discharge." Kane, 687 F.2d at 680 (emphasis added). In each of those cases, the collective bargaining agreement expressly provided that the infraction committed constituted cause for discharge. Where, as here, the agreement is silent as to what constitutes "just cause" for discharge, that determination ultimately must be made by the arbitrator.[3] To leave ultimate determination of the definition of "just cause" to the employer would wholly undermine the protection afforded workers by inclusion, in the collective bargaining agreement negotiated by the parties, of the just-cause limitation on the employer's power to discharge.[4]

---

[3] Here, the parties submitted to the arbitrator the question of whether or not Green's discharge was for just cause. They did not submit merely the narrower question of whether Green had, in fact, attempted to remove left-over food from defendant's premises.

[4] Defendant cites the decision of Whitley P. McCoy, Arbitrator in Stockman Pipe Fitting Co., 1 Lab. Arb. 160, 162 (BNA 1945), for the proposition that an arbitrator should hesitate to substitute his judgment concerning the propriety of a penalty for that of management. While we agree in theory with Arbitrator McCoy's suggestion that "[t]he mere fact that management has imposed a *somewhat* different penalty . . . than the arbitrator would have, if he had had the decision to make originally, is no justification for changing it," Stockman Pipe, 1 Lab. Arb. at 162 (emphasis added), such deference to management prerogatives is appropriate

■ Accordingly, we hold that the arbitrator acted entirely within the scope of his authority and that his award draws its essence from the collective bargaining agreement between plaintiff and defendant.

## III.

Defendant contends that the arbitrator's award is nevertheless void because not issued within a reasonable time. Grievant was discharged on January 26, 1982. Arbitrator Cruz-Fortier held a hearing on June 5, 1982. While he did not issue his decision until January 1983, we do not believe, on the record before us, that this delay warrants vacation of the award.

■■ For guidance in measuring the validity of a delayed arbitration award we look to the leading case in this Circuit, Local Union 560, International Brotherhood of Teamsters v. Anchor Motor Freight, Inc., 415 F.2d 220 (3rd Cir. 1969):

> The requirements of federal labor policy will be served by requiring that if the parties intend to provide for the automatic invalidation of a late award they must say so in unequivocal language. If they do not so provide, the authority of the arbitrator will expire after a reasonable time beyond the period originally fixed for the award has gone by. Where the parties consent to an extension of time for the award, they are not bound endlessly and one party may effectively terminate his consent before the award is handed down by giving reasonable notice, and, of course, its reasonableness must be judged in the light of the surrounding circumstances, including any element of harm or prejudice.

Id. at 226.

■ The collective bargaining agreement here not only did not provide for the invalidation of a late award in unequivocal language, as required by Anchor, but it did not even set a deadline for issuance of the arbitrator's decision. While the agreement specifies

---

only where "management acts in good faith upon a fair investigation and fixes a penalty not inconsistent with that imposed in other like cases." Id. Here, the arbitrator explicitly found that the employer "did not conduct an objective and fair investigation of the events leading to Grievants' [sic] discharge, and that it has applied discipline regarding voluntary taking of left-over food by employees, in a selective and discriminatory manner." Moreover, the parties hereto expressly contracted to allow arbitral reduction of penalties. Collective Bargaining Agreement, Article VIII, Section 8.6.

deadlines for completion of numerous stages of the grievance/arbitration process, it is conspicuously silent as to timing of arbitration awards. Thus, the collective bargaining agreement need not, indeed cannot, be read to require invalidation of the award.

Still, it is conceivable that the issuance of an arbitrator's decision might be so unreasonably delayed as to warrant vacation despite the absence of an unequivocal invalidation clause, or even a deadline, in the collective bargaining agreement. However, measuring the facts before us against those presented to the Court of Appeals in Anchor, it is abundantly clear that if such an extraordinary case exists, this is not it.

 In Anchor, the Court of Appeals reversed the trial court's vacation of an arbitrator's award rendered almost eight months after expiration of the 30-day period within which the arbitrator was to render his decision. Anchor, 415 F.2d at 222. Here, where the parties had not set a deadline, the decision was rendered less than seven months after the hearing.[5] In Anchor, the appellate court upheld the validity of the award despite the fact that counsel for the union challenging the award had written to the Director of the Federal Mediation and Conciliation Service nearly a month before the decision was issued advising him that the union would object to any award rendered subsequent to the date of said letter. Id. Here, defendant orally informed plaintiff that it would consider any subsequent award invalid only two weeks before the decision was rendered, committing its position to paper only two days after rendition of the decision. (Defendant had not yet received a copy of the decision.) While in Anchor counsel for the union seeking vacation of the award had written to the arbitrator three times expressing his desire that a decision be rendered forthwith, id., defendant here has failed even to aver that it ever expressed concern to the arbitrator regarding delay of his decision. In short, the Court of Appeals has rejected a plea for vacation of an arbitrator's award on facts far more compelling than those before us.[6] Accordingly, we hold that the arbitrator's award is not void because untimely issued.

---

[5] The seven-month period included the time allowed for filing of post-hearing briefs. In Anchor, the hearing was not considered closed until after the post-hearing briefs had been filed. Anchor, 415 F.2d at 222.

[6] That defendant here has alleged injury resulting from the delay does not alter our conviction that Anchor controls. The injuries complained of are simply insufficient to warrant vacation of the award, especially as vacation would merely engender additional delay of resolution of this dispute. Moreover, we are loath to

The arbitration award being valid, and defendant's noncompliance being established, judicial enforcement of the award is appropriate. Defendant's motion for summary judgment vacating the award will be denied. Plaintiff's motion for summary judgment will be granted and a judgment enforcing the arbitrator's award entered.

## IV.

 While § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (1976), does not specifically provide for judicial award of costs and attorneys fees in a suit for enforcement of an arbitration award, it has been widely held that, pursuant to its inherent equitable power, a district court may award costs and fees in an action to enforce an arbitration award where "one of the parties, without justification, refuses to abide by an arbitrator's award." United Steelworkers of America v. Interpace Corporation, 447 F.Supp. 387, 393 (W.D. Pa. 1978). See also, Bell Production Engineers Ass'n v. Bell Helicopter Trextron, 688 F.2d 997, 999 (5th Cir. 1982); Chauffeurs, Teamsters and Helpers, Local Union No. 765 v. Stroehmann Brothers Co., 625 F.2d 1092, 1094 (3d Cir. 1980); and National Association of Letter Carriers v. United States Postal Service, 590 F.2d 1171, 1176–79 (D.C. Cir. 1978).

 We believe that defendant's failure to comply with the arbitration award was wholly unjustified. Defendant brazenly refused to comply with a valid arbitration award. Only when plaintiff brought this action for enforcement did defendant see fit to challenge the validity of the award. The legal arguments presented by defendant in support of its position are not only unpersuasive, but entirely meritless; the precedent is clear. Convinced that such an award is in keeping with, and in furtherance of, the congressional policy favoring voluntary arbitration, we will award plaintiff reasonable attorneys fees and costs incurred in the prosecution of this action.

---

inquire into the substance of an award in determining whether such award is void because untimely. A timely award is not transformed into an untimely one merely because the arbitrator awards retroactive relief.