**GLADYS RISSING, Plaintiff**

v.

**DEPARTMENT OF PUBLIC SAFETY, GOVERNMENT
OF THE VIRGIN ISLANDS, Defendants**

Civil No. 1128/1982

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

May 8, 1984

WINSTON A. HODGE, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

ROBERT BENNETT, ESQ., Assistant Attorney General (Office of the Attorney General), St. Thomas, V.I., *for defendants*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION AND ORDER

In this action petitioner moves for a review of an arbitrator's award denying her a promotion at the Department of Public Safety, to vacate the findings and decision of the arbitrator, and to remand the proceedings to the arbitrator for re-evaluation and re-determination.

### FACTS

Petitioner is an employee of the Department of Public Safety. In October of 1980, respondent, Department of Public Safety, entered into a collective bargaining agreement with the United Steelworkers Union of America, AFL–CIO, which remained in full force and effect at all times relevant hereto. Contained within said bargaining agreement are the terms and conditions of employment binding upon the Department of Public Safety and members of the bargaining unit, of which petitioner is a member.

When a vacancy occurred in the position of Assistant Departmental Personnel Officer, petitioner applied for the position. Petitioner and two other employee applicants were determined by the Director of Personnel to be eligible for consideration to fill said vacancy.[1] When petitioner was not awarded the promotion, she filed a griev-

---

[1] A list of persons eligible for promotion was submitted to a three (3) person "qualification committee", set up by the Department of Public Safety, to evaluate the applicants' qualifications. The existence of this "qualification committee" preceded plaintiff's application for promotion.

ance in accordance with the bargaining agreement. Said grievance was submitted for arbitration.

Upon completion of the arbitrator's hearing of the controversy, the arbitrator concluded that the finding by the Department of Public Safety that petitioner was not entitled to the promotion because another applicant was more qualified to fill the position than petitioner was reached by the Department of Public Safety in a manner consistent with the contract terms and, accordingly, he ratified the decision of the qualification committee.

As grounds for petitioner's action in this tribunal for vacation of the arbitration award, she asserts that:

a. The terms of the Bargaining Agreement relating to promotions and vacancies were violated by the Department of Public Safety; and

b. The arbitrator failed to apply properly the terms of the Bargaining Agreement governing promotions in making his award.

## DISCUSSION

■ The scope of review in an appeal of an arbitration award is limited to determining whether the arbitrator has exceeded or failed to perform his contractual duty and whether the arbitrator's award is arbitrary or capricious. V.I. Nurses Associations' Bargaining Unit v. Schneider, et al., 18 V.I. 259 (D.C.V.I. 1981), citing Block Pontiac, Inc. v. Candando, 274 F.Supp. 1014, 1019 (E.D. Pa. 1967).

Petitioner's first assertion, that the terms of the Bargaining Agreement were violated, is without merit. Petitioner correctly cites Article 8, Section 6(e) as a controlling section of the Collective Bargaining Agreement. Article 8, Section 6(e) provides as follows:

> e. The Employer shall attempt to first fill all vacancies from among qualified Employees; provided, however that *where two or more Employees are "equally qualified" for that vacancy, the vacancy shall be filled by that Employee having the greatest seniority.*

■ The key phrase of Section 6(e) upon which both parties rely is "equally qualified." This contract provision is clear and unambiguous, and the intent derived therefrom will be given its ordinary, everyday meaning. Black's Law Dictionary defines equal as follows: Alike; uniform; on the same plane or level with respect to efficiency, worth, value, amount, or rights. Black's Law Dictionary (4th Ed. 1968) 631. Unquestionably, the qualifications committee, determined that petitioner was *less qualified than one or more of the other*

*two applicants* and the arbitrator determined that such action was within the contract terms. Accordingly, the proviso requiring selection of the most senior applicant "equally qualified" was never utilized, as it was simply unnecessary. Petitioner was not equally qualified.

Petitioner quarrels with the fact that a three-person qualification committee was devised to assess the credentials of the applicants. While precise guidelines for the creation of such a committee are not specifically delineated in the Bargaining Agreement, neither are they proscribed. In any event, management rights are not created by Bargaining Agreements. If anything, such rights are circumscribed by agreement, as management rights are inherent by nature. However, the Department of Public Safety preserved the right to establish and maintain a qualifications committee by the inclusion of Article II, Section 3 of the Bargaining Agreement, wherein the following is enumerated:

> *Existing practices and customs* written or oral, *shall remain in effect* for the term of this Agreement. These local practices and customs, however, may be changed or discontinued at any time by mutual written agreement between the Department and the Union. (Emphasis added.)

Furthermore, the Department of Public Safety has retained the right to hire and promote its employees in Article IV, Section 1 of the Bargaining Agreement. Accordingly, the Court cannot find that the terms of the Bargaining Agreement pertaining to promotions and vacancies were violated.

Petitioner's second assertion, that the arbitrator failed to adhere to the terms of the Bargaining Agreement governing promotions in making his award is equally without merit, and wholly untenable.

The Court takes notice of an assertion taken verbatim from Petitioner's Memorandum of Law in Support of [Petitioner's] Motion to Vacate Arbitrator's Decision and to Remand for Reconsideration. ". . . The arbitrator must take the plain and unambiguous meaning of the provisions of the Agreement and must work within its proscriptions, if and to the extent that they are comprehensively and clearly addressed in the text." This the arbitrator clearly did.

Petitioner cites Title 3 V.I.C. § 526(a), which establishes the requirement that, pursuant to a departmental decision to fill a vacancy in the classified service, the department head shall request the Director of Personnel to provide a list of *three eligible employees*

*for his (the department head's) consideration.* Petitioner argues that the three eligible employees of necessity must be equally qualified, and therefore the employee with the longest history of employment shall be unconditionally selected to fill the vacancy. Were this argument accepted, the list tendered by the Director of Personnel to the Department head would be an exercise in futility. No purpose would be served by selecting three *equally qualified* candidates for consideration if the senior most applicant must automatically be awarded the position. This Court will not indulge in the semantic distinction between the terms "eligible" and "qualified", as they are for the most part synonymous. However, we find an overwhelming distinction between the phrase "eligible for consideration" and the phrase "equally qualified." The former is necessarily a condition precedent to the latter. If one is not eligible for consideration, he or she can hardly be equally qualified with one who is eligible. Considering the ordinary, unambiguous language of Article 8, Section 6(e) (supra), together with the language of Article II, Section 3 (supra), and the arbitrator's determination that the Department of Public Safety conformed to the contract terms by selecting an employee more qualified than petitioner, this Court cannot say either that the terms of the Bargaining Agreement were violated, or that the arbitrator failed to appropriately perform his duties. We will not disturb the conclusions of the arbitrator, as there is no showing that he has exceeded, or failed to perform, his contractual duty, nor that his award is arbitrary or capricious.

## JUDGMENT

For the reasons set forth in the Memorandum Opinion filed on even date herewith, it is

ORDERED, ADJUDGED and DECREED that Judgment be entered in favor of respondent and against petitioner dismissing the Complaint, each party shall bear her or its own costs and attorney's fees.