# DEPARTMENT OF HOUSING AND COMMUNITY RENEWAL, GOVERNMENT OF THE VIRGIN ISLANDS, Petitioner.

v.

# THE UNITED INDUSTRIAL SERVICE, TRANSPORTATION, PROFESSIONAL AND GOVERNMENT WORKERS OF NORTH AMERICA, SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, ATLANTIC GULF LAKES AND INLAND WATERS DIST. AFL-CIO, Respondent

Civil No. 879/1984

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 15, 1988

HONORABLE GODFREY DECASTRO, Attorney General of the Virgin Islands, by: DENISE REOVAN, ESQ., Assistant Attorney General—Labor (Office of Collective Bargaining), St. Thomas, V.I., *for petitioner*

ESZART A. WYNTER, ESQ., St. Croix, V.I., *for respondent*

MEYERS, *Judge*

## MEMORANDUM OPINION

Petitioner, Government of the Virgin Islands, Department of Housing and Community Renewal, brought this action against the respondent, U.I.W., S.I.U., AFL–CIO, under 24 V.I.C. § 383 to vacate an arbitrator's decision rendered on September 12, 1984. This matter is presently before us on respondent's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons which follow, respondent's motion to dismiss will be granted.

## FACTS

The petitioner and the respondent are parties to a collective bargaining agreement (Agreement) entered into on August 7, 1982. The Agreement contains a grievance procedure providing for

arbitration of disputes over discharge, suspension or demotion of an employee and disputes over the interpretation or application of a particular provision of the Agreement.[1]

The grievance procedure initiated in this case concerned the discharge of Antonio Hennis, a heavy equipment operator employed by the petitioner, after being involved in a vehicular accident which resulted in damage to a government vehicle. Mr. Hennis was discharged by letters dated March 19 and May 31, 1984, for reporting to work intoxicated and/or consuming alcoholic beverages during working hours, and driving while intoxicated. Dispute over the discharge was submitted to arbitration pursuant to Article IX of the Agreement. The matter was heard on June 6, June 27, and June 28, 1984, before Ive Arlington Swan, arbiter, and on September 12, 1984, he rendered his decision which, in essence, stated that, even though there was sufficient evidence to find that the grievant had operated a government vehicle while intoxicated, discharging him was too harsh a remedy and that a suspension of sixty (60) days was more appropriate.

The petitioner has argued that the arbiter, by suspending Hennis rather than affirming his discharge, has exceeded his authority by failing to perform his contractual duty enunciated in Article IX, Section 7 of the Agreement,[2] and that the arbitral award violates public policy. The respondent contends, however, that the arbiter's order suspending Hennis for sixty days was proper and within the arbiter's authority, and that this case should be dismissed since

---

[1] Article IX of the Collective Bargaining Agreement provides, inter alia, the following:

*Section 3. Step 2 Grievances*

   A. Any grievance over a discharge, suspension or demotion shall be filed with the Department Head of the affected employee(s) within five (5) working days after an employee is notified of the date of the discharge, suspension or demotion or the grievance will be invalid.

   B. Union grievances disputing the interpretation or application of a particular provision of the Agreement by the Department which generally affects the employees shall be filed by the Union with the Department not later than ten (10) working days after the date the Union learns or should have learned of the Department's disputed interpretation or application of the Agreement provision.

[2] Section 7 of the Agreement provides that, "the Arbitrator shall have jurisdiction and authority only to interpret, apply or determine compliance with the express provisions of this Agreement and shall not have authority to add to, detract from, or alter its provisions in any way."

there is no issue presented by the arbitral award for judicial review.

## DISCUSSION

■ It is well settled that the scope of review of an arbitration award is limited to a determination of whether the arbitrator has exceeded or failed to perform his contractual duty and whether the arbitrator's award is arbitrary and capricious. Rissing v. Department of Public Safety, Government of the Virgin Islands, 20 V.I. 426 (1984); V.I. Nurses Associations' Bargaining Unit v. Schneider, 18 V.I. 259 (D.V.I. 1981), aff'd., 668 F.2d 221 (3d Cir. 1981); see also, Block Pontiac, Inc. v. Candando, 274 F. Supp. 1014, 1019 (E.D. Pa. 1967); Transport Workers Union v. Philadelphia Transp. Co., 283 F. Supp. 597 (E.D. Pa. 1968); American Can Co. v. United Papermakers & Paperworkers, AFL–CIO, 356 F. Supp. 495 (E.D. Pa. 1973); Local 616, Int'l Union of Electrical, Radio & Machine Workers, AFL–CIO v. Byrd Plastics, Inc., 428 F.2d 23 (3d Cir. 1970); Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123 (3d Cir. 1969).

■ Whether the arbitrator has performed his contractual duty and not issued an arbitrary and capricious award depends on the fulfillment of three requirements: (1) the dispute must be "arguably arbitrable," (2) the arbitral decision must draw its essence from the collective bargaining agreement, and (3) enforcement of the award by the court must not result in a violation of public policy. Amalgamated Meat Cutters v. Great Western Food Co., 712 F.2d 122, 124 (5th Cir. 1983). See also, International Association of Machinists v. Texas Steel, 639 F.2d 279 (5th Cir. 1981); Sea-Land Service, Inc. v. International Longshoremen's Association of New York, 625 F.2d 38 (5th Cir. 1980); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960). If any of these three requirements is found to be missing, then judicial review of the arbitral award is proper. Amalgamated Meat Cutters v. Great Western Food Co., supra.

### I.

■ "Arbitrability" of a labor dispute involves the jurisdiction of the arbitration panel or the arbitrator to hear the subject matter of that dispute. International Association of Machinists v. Texas Steel, supra, at 281. That jurisdiction is conferred by the collective bargaining agreement between the parties involved in the dispute.

Clearly, the first requirement is met in the case at bar, since the dispute surrounding the discharge falls under the ambit of the Agreement. Article IX, §§ 1 and 3 of the Agreement provides for filing of a grievance for disputes over employee discharge and for submission of such disputes to arbitration when all other internal procedures have been exhausted without successful settlement. Following his discharge by the petitioner, Hennis filed a grievance in accordance with the terms of the Agreement. Unable to settle the grievance under the internal procedure prescribed, Hennis' grievance was submitted to arbitration as required by the Agreement. Since the Agreement specifically provided for arbitration of disputes over employee discharge and since Hennis' dispute was over his discharge from employment, the matter was clearly arbitrable.

## II.

The second requirement that the arbitral award draw its essence from the collective bargaining agreement has also been met. The United States Court of Appeals for the Third Circuit has determined that an arbitrator's award shall be deemed to "draw its essence" from the collective bargaining agreement when

> the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and, other indicia of the parties' intention; only where there is manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award.

Ludwig Honold Mfg. Co. v. Fletcher, supra, at 1128. Accord, Graphic Arts International Union Local 97B v. Haddon Craftsmen, Inc., 796 F.2d 692 (3d Cir. 1986); United Steelworkers v. Adbill Management Corp., 20 V.I. 494 (D.V.I. 1984), 754 F.2d 138 (3d Cir. 1985); Teamsters Union Local No. 115 v. Desoto, Inc., 725 F.2d 931 (3d Cir. 1984); Super Tire Engineering Co. v. Teamsters Local Union No. 676, 721 F.2d 121 (3d Cir. 1969), cert. denied, 105 S.Ct. 83; V.I. Water & Power Auth. v. Gastronomical Workers Union, 20 V.I. 116 (Terr. Ct. 1983). Article XVI of the Agreement, which covers discipline and discharge, provides the following:

*Section 1: Rights of Discipline*

The Department retains the exclusive right to discipline, discharge or suspend an employee for *just cause*.

*Section 3: Misconduct Warranting Immediate Disciplinary Action*

The Commissioner or, in his absence, the Acting Commissioner, shall have the right to immediately discipline an employee, up to and including discharge, for the commission of one of the following offenses:

a. Theft, embezzlement or dishonesty

b. Fighting

c. Gambling

d. Consumption of alcoholic beverages during working hours; reporting for work intoxicated

e. Sale, purchase or illegal use of narcotics or other forbidden drugs

f. Deliberate destruction or removal of the Department's property, or that of another employee

g. Giving or taking a bribe of any kind . . . . (Emphasis added.)

The Court construes the language of these two sections to mean that the petitioner has the right to discipline, discharge or suspend an employee for any of the enumerated offenses in Section 3 provided there is just cause to do so. The pivotal issue then becomes whether there was just cause for the petitioner to discharge Hennis from employment.

The Agreement itself is silent as to what constitutes "just cause" and the likely assumption is that its definition was left open for interpretation. Since Article IX, Section 7 of the Agreement, grants the arbitrator the authority to interpret express provisions of the Agreement, (see, footnote 2), the determination of what constitutes "just cause" falls within the arbitrator's jurisdiction for interpretation.

In Super Tire Engineering Co. v. Teamsters Local Union No. 676, supra, a case factually similar to the one at bar, the grievant was discharged for drinking alcoholic beverages during working hours. The arbitrator in that case held that summary dismissal was too harsh a penalty and that a four-month suspension without pay was more appropriate. The arbitrator also held that the provision of the collective bargaining agreement which permitted immediate dismissal must be read in pari materia with the just cause language of the agreement and that a company's right to discharge an employee should be "tempered, at least to the degree that such action need be exercised in a fair and even manner, rather than

338

in an arbitrary or capricious fashion." Id. at 123. In granting the suspension, the arbitrator looked at such factors as the grievant's 13 years of service and the fact that no prior warning had been given. On appeal, the U.S. Court of Appeals for the Third Circuit agreed with the arbitrator and held that: (1) the arbitrator could find that the dismissal provision was subject to "just cause" review, and (2) the arbitrator was authorized to apply all the surrounding facts and circumstances to his interpretation of the agreement to determine whether or not discharge was proper. Accord, United Mine Workers of America v. U.S. Steel Mining Co., Inc., supra.

■■ In the present case, Article XVI, Section 3, must be read in pari materia with the just cause language of Section 1, in order to get an accurate interpretation of the employee discharge provision. To aid in his interpretation of the employee discharge provision, the arbitrator could take into consideration Mr. Hennis' long period of employment with the petitioner, his unblemished work record, and the absence of any prior warnings for misconduct on the job. Based on his consideration of these factors, the arbitrator found that the petitioner did not have just cause to discharge Mr. Hennis from employment. The Court, satisfied that the arbitrator's decision "draws its essence" from the Agreement, will not disturb this finding. Even if the Court disagreed with the arbitrator's interpretation of the Agreement, it is a well-settled principle of law that, "a . . . court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be a better one." W. R. Grace & Co. v. Local Union 759, 461 U.S. 757, 103 S.Ct. 2177, 2182 (1983); accord, V.I. Water & Power Auth. v. Gastronomical Workers Union, supra; United Steelworkers of America v. Adbill Management Corp., supra. Moreover, the parties bargained for the arbitrator's interpretation of the Agreement in disputes such as this one, and for the Court to disrupt his interpretation would be to undermine the collective bargaining agreement negotiated by the parties.

### III.

Enforcement of the arbitral award does not violate public policy. The petitioner contends that the public policy of the Virgin Islands (V.I.) would be violated if the arbitrator's decision were allowed to stand. Petitioner argues that the V.I. has a "well defined and dominant" public policy regarding operating a motor vehicle while intoxicated, as evidenced by 20 V.I.C. § 493, which makes driving

while intoxicated an offense punishable by fine and/or imprisonment and automatic suspension of driving privileges. In buttressing its public policy argument, petitioner also cites the Executive Order No. 53-1961 under the historical notes of 3 V.I.C. § 451, which provides for removal from office of public employees for habitual use of intoxicants. The petitioner, however, has overlooked two points. First, while 20 V.I.C. § 493 mandates an automatic suspension of driving privileges, it also provides for other forms of punishment other than fines and imprisonment. For instance, § 493(b)(2) provides for not less than ten (10) days of community service in lieu of imprisonment; § 493(c)(1)(C) allows the court, in its discretion, to issue a restricted driver's license which enables a person to operate a motor vehicle to or from his place of employment or in the course of his employment; § 493(d)(1) and (2) allows the court to order the person to attend a substance and drug abuse treatment program. Clearly, the Court may elect to impose one of these more lenient types of punishments when the circumstances permit and when a fine or imprisonment, or both, is deemed to be too harsh a remedy. And such an election does not violate public policy. Secondly, Order No. 53-1961 pertains to habitual offenders. There is no evidence before the Court to suggest that Mr. Hennis was habitually intoxicated on the job or that he had received previous warnings for being intoxicated or that this was anything other than his first infraction of misconduct.

██ Based on the foregoing discussion, the Court concludes that the arbitrator could opt for a more lenient punishment, such as employment suspension rather than summary dismissal, if the circumstances so permitted, without violating public policy. As the court has stated in Kane Gas Light & Heating v. International Brotherhood of Firemen and Oilers Local 112, 687 F.2d 673 (3d Cir. 1982), cert. denied, 460 U.S. 1011, 103 S.Ct. 1251 (1983), public policy may be a ground for overturning arbitral awards "only if upholding an award would amount to 'judicial condonation' of illegal acts." At 682. Enforcing the arbitral award in the present case would not amount to "judicial condonation" of Mr. Hennis being intoxicated on the job since his actions are not going unpunished. The award punishes him by subjecting him to a sixty-day suspension for his actions. Enforcement of the arbitral award in this case does not constitute "judicial condonation" of Mr. Hennis' action. This Court, therefore, will not vacate the arbitral award on the ground that it violates public policy.

## CONCLUSION

██ In order for a Rule 12(b)(6) motion to be granted it must appear to a certainty that the petitioner would be entitled to no relief under any state of facts which could be proved in support of its claim. *United States v. Republic Construction & Main Co.*, 129 F. Supp. 651 (D.V.I. 1955), 3 V.I. 129 (D.V.I. 1955). In essence, there must be *no* circumstances under which the petitioner is entitled to any relief. *Deary v. Evans*, 570 F. Supp. 189 (D.V.I. 1983), 19 V.I. 581 (D.V.I. 1983). Based on the foregoing discussion, it is evident that: (1) the dispute between the grievant and petitioner was arbitrable, (2) the arbitral decision drew its essence from the collective bargaining agreement, and (3) enforcement of the award by this Court would not violate public policy. All three requirements having been met, it appears to the Court that there are no circumstances under which the petitioner would be entitled to relief. Respondent's motion to dismiss, therefore, must be granted.

## ORDER

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that respondent's motion to dismiss this action is GRANTED; and it is further

ORDERED that petitioner's complaint be and the same is DISMISSED WITH PREJUDICE; and it is further

ORDERED that the parties shall bear their own costs.