**KENNETH PETERS, Respondent**

**v.**

**CHANNEL 8 (WSVI), Petitioner**

Civil No. 1111/1992

**KENNETH PETERS, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Respondent**

Civil No. 665/1993

Territorial Court of the Virgin Islands

Div. of St. Croix: Kingshill

May 19, 1994

20

LESLIE KELLEY, ESQ., Gallows Bay Station, V.I., *for plaintiff*

KEVIN RAMES, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

CABRET, *Judge*

## MEMORANDUM OPINION

Petitioner, Kenneth Peters, has filed a Motion for Reconsideration of this Court's Order of November 17, 1993 in which Peters' Petition for Writ of Review and Motion to Vacate were denied. The order which Petitioner sought to have reviewed and/or vacated was issued by the Commissioner of Labor. The Commissioner, in that order, vacated his original decision in this matter and remanded it for further proceedings at the agency level. This action was taken pursuant to the Department of Labor's own rules and regulations[1] which allow the Commissioner to vacate and reconsider any order up until the time the record is filed.[2]

Peters raises three issues in support of his motion for reconsideration. The first basis for the motion is Peters' contention that the Court erroneously relied upon 24 V.I.C. § 70 to determine its jurisdiction over the matter. Additionally, Peters maintains that the order appealed from was not a final order as required by 24 V.I.C. § 70 to entitle a petitioner to judicial review. The final basis for his motion lies in procedural due process. Peters claims that the Department of Labor failed provide notice to him prior to taking adverse action against him and therefore, any action so taken is void.

## JURISDICTION

Peters misinterprets the Court's citation of 5 V.I.C. App. V, R. 11. That section was acknowledged as the general judicial review statute. However, the Court further indicated that another statute,

---

[1] 24 V.I. R&R 077-70(c) states in pertinent part: "Until a transcript of the record in a case shall have been filed in a court ... the Commissioner may, at any time upon reasonable notice, vacate, modify or set aside ... any ... order or decision issued by the Commissioner or a Hearing Officer.

[2] The writ ordering the Commissioner to return a certified copy of the administrative record within twenty (20) days was served on July 22, 1993. The Commissioner issued his order vacating and remanding the case nineteen days later on August 10, 1994.

namely 24 V.I.C. § 70,[3] applies specifically to judicial review of labor decisions such as the one at bar. Peters also points out 5 V.I.C. §§ 1421 and 1422. However, these also are general statutes pertaining to writs of review from any "office, board, commission, authority, or tribunal ...." 5 V.I.C. § 1421.

■■ It is a basic tenet of statutory construction that "[w]here one statute deals with a subject in general terms and. another deals with a part of the same subject in a more detailed way. . .the latter will prevail. . ." Island Finance v. Frett, 21 V.I. 161, 167 (Terr. Ct. Div. St.T/J. 1984) (quoting Sutherland on Statutory Construction, § 51.05 (1973)). The labor laws of the Virgin Islands are codified at Title 24 of the Virgin Islands Code. Section 70 of that title specifically authorizes judicial review of decisions made by the Commissioner of Labor and is, therefore, the judicial review statute applicable to this dispute. Section 70 further permits "[a]ny person aggrieved of a final order of the Commissioner granting or denying in whole or in part the relief sought ..." to seek judicial review. 24 V.I.C. § 70.

## FINALITY

Implicit in the section which grants the right to seek judicial review is a requirement that the order appealed from be a final order. 24 V.I.C. § 70. Peters asserts that the order complained of was a final order, and jurisdiction therefore lies with the courts. In support of his finality argument, Peters cites cases construing Section 10(f) of the National Labor Relations Act, the judicial review section of that Act. The Third Circuit Court of Appeals held, in Caribe Construction Co., Inc. v. Penn, that where a Virgin Islands statute uses language from a Federal statute, and the Federal statute had been previously construed by the Supreme Court, the Supreme Court's interpretation controls and the Virgin Islands statute must be given the same meaning. Caribe Construction Co. Inc. v. Penn, 5 V.I. 180, 185 (3d Cir. 1965) (citing American Federation of Labor v. Labor Board, 308 U.S. 401 (1940) for construing the certification of a collective bargaining representative to be a non-final, non-reviewable order). Peters' reliance upon the Tenth Circuit Court of Appeal's definition of the phrase final order, as used in section 10(f), in

---

[3] 24 V.I.C. § 70 grants the right of judicial review to "[a]ny person aggrieved by a final order of the Commissioner...."

Manhattan Construction Co. v. National Labor Relations Board, 198 F.2d 320 (1952) is misplaced. In Caribe, the Court specifically limited its holding that Virgin Islands statutes which are federal statutes are to be construed per federal court decisions interpreting those federal statutes. Only those statutes which have been construed by the Supreme Court are to be accorded such deference. Caribe, 5 V.I. at 185. The construction of the National Labor Relations Act § 10(f)'s phrase final order upon which Peters relies was from a Tenth Circuit case which has not been subject to review by the Supreme Court. Nor has it ever been cited by the Third Circuit, despite being over forty years old. Hence, it is not controlling in this jurisdiction.

■ The Third Circuit. Court of Appeals has recognized that an order issued as a final order is not always the agency's last word on the subject. V.I. Conservation Society v. Bd. of Land Use Appeals, 881 F.2d 28, 36 (3d. Cir. 1989) (held: The statutory period within which an appeal must be filed began with the issuance of the second final order issued following a motion for reconsideration of the original final order).

The justification for requiring finality in agency action prior to judicial review was summarized by Judge Cahn of the District Court of the Virgin Islands. That court said

> judicial resolution must await final agency action, in order that the record may be made clearer, the agency may have the opportunity to refine its actual position without judicial disruption, and the agency may create an actual case or controversy by inflicting an actual injury.

General Offshore Corp. v. Farrelly, 25 V.I. 226, 248 (D.C.V.I. 1990) (citations omitted).

## NOTICE

■ The final ground on which Peters seeks reconsideration is his assertion that the regulation under which the Department of Labor retained jurisdiction requires that he be given reasonable notice of the Commissioner's decision. (see note 1) The issuance of the Commissioner's Memorandum Opinion and Order was structured so that the non-binding opinion was issued on August 3, 1993, seven days prior to the issuance of the order vacating and remanding. The regulation calls for reasonable notice. The District

23

Court of the Virgin Islands, in United Steelworkers of America Loc. 8249 v. Adbill Management Corp., 20 V.I. 494, stated that the "reasonableness [of notice] must be judged in the light of the surrounding circumstances, including any element of harm or prejudice." Id. at 500 (citations omitted). The Commissioner's vacation of his original order places Peters in no different position than he had previously occupied despite the fact that he prevailed at the original hearing. His right to the relief originally awarded by the Commissioner stood subject to judicial review. That right now stands subject to administrative review. Regardless of the outcome, the opportunity for judicial review still exists. The brevity of the notice given to Peters regarding the vacatur of the original final order had little effect upon his rights under the circumstances. No avenue of protest against the Commissioner's decision has been foreclosed.

■ Also, it must be noted that the Commissioner still retains the transcript. Thus, the notice issue could easily be remedied with the giving of new notice and the reissuance of the same order. Any infringement upon Peters' rights coupled with the ease with which the Commissioner could re-notify Peters and cure this perceived defect in the Department of Labor's procedures satisfy the Court that one week notice was reasonable under the circumstances.

## CONCLUSION

By recognizing the Department of Labor's order remanding this cause for further agency action, the Court is complying with the scheme of administrative law which has been developed at all levels of government to assure that the application of specialized statutes, such as the Virgin Islands Wrongful Discharge Act, implicated here, is done first by experts in the relevant field. Petitioner has advanced no arguments which persuade this Court that its Order of November 17, 1993, which recognized this tenet of administrative law, was in error. Therefore, the Motion for Reconsideration is denied.

## ORDER

THIS MATTER is before the Court on Respondent Kenneth Peters' Motion for Reconsideration of this Court's Order of November 19, 1993. In accordance with the Memorandum Opinion of even date, it is hereby

ORDERED that the motion is DENIED.
DONE AND SO ORDERED this 19th day of May, 1994.